O

# United States District Court
# Central District of California

IVAN RENE MOORE,

    Plaintiff,

  v.

MICHELLE ROSENBLATT, *et al.*,

    Defendants.

Case № 2:15-cv-08021-ODW (GJS)

**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [17]**

## I. INTRODUCTION

On December 15, 2015, Plaintiff Ivan Rene Moore ("Moore") filed an ex parte application seeking a temporary restraining order and preliminary injunction against "Defendants Kimberly Martin Bragg, and remaining Defendants, their agents and attorneys from selling, transferring, destroying, [and] hypothecating Ivan Rene Moore's property, during the pendency of this action, specifically identified as follows: Clothing, shoes, kitchen equipment, personal property, piano, SSLK console, music/sound/recording equipment, musical instruments, master recordings, '71 Camaro, personal legal documents, Motorcycle; auto parts, tools, paintings, jewelry, certificates of deposits, deeds to real property, Barer [sic] Bonds, Coin Collections,

corporate notes and records. Legal exhibits work product for all cases." [Dkt. 17 at 3.]

For the following reasons, the Court **DENIES** the request for a temporary restraining order and **DENIES WITHOUT PREJUDICE** the request for a preliminary injunction.

## II. LEGAL STANDARD

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A court may only grant such relief "upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To prevail, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm absent preliminary injunctive relief; (3) that the balance of equities tips in the moving party's favor; and (4) that preliminary injunctive relief is in the public interest (the "*Winter* factors"). *Id.* at 20. "Under *Winter*, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (original emphasis). In the Ninth Circuit, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can [also] support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132, 1135 (holding that the "sliding scale" test remains viable "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest").

## III. DISCUSSION

Applying the above standard, the Court finds that Moore's papers do not come even close to establishing the necessary likelihood for success on the merits, or even serious questions going to the merits. Accordingly, the Court does not address the other prongs of the *Winter* test.

Moore relies solely on the fact that he "has been awarded this property specifically" in a Los Angeles Superior Court action as proof that he is likely to succeed on the merits in this civil action under 42 U.S.C. § 1983. [*See* Dkt. 17 at 5.] Moore's reliance is misplaced because Moore must overcome significant procedural hurdles to continue to prosecute his case.

First, absolute immunity likely bars Moore's claims against state judges predicated on their exercise of judicial authority by issuing orders and judgments. "Absolute judicial immunity 'insulates judges from charges of erroneous acts or irregular action.'" *Burton v. Infinity Capital Mgmt.*, 753 F.3d 954, 959 (9th Cir. 2014) (quoting *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002)); *see Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) ("It is well settled that judges are generally immune from suit for money damages."). That protection from suit exists "even when it is alleged that [a judge's] action was driven by malicious or corrupt motives[.]" *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (quoting *Forrester v. White*, 484 U.S. 219, 225 (1988)). And judicial immunity extends to all "civil suits arising out of their judicial functions," *Mireles*, 502 U.S. at 11, which means it applies not only to suits for damages, but also "to actions for declaratory, injunctive and other equitable relief." *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (superseded by statute on other grounds). This includes federal civil rights actions and ADA claims. *E.g.*, *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (*en banc*). To determine what constitutes a "judicial act," a court considers whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1302 (9th Cir. 1989) (citation omitted) (*cited in Salessi v. Commonwealth Land Title Ins. Co.*, No. SA CV 08-01274-DOC, 2013 WL 5676209 at *9 (C.D. Cal.

Oct. 16, 2013)). Issuing orders and judgments plainly fall within the prototypical scope of judicial action.

Similarly, certain other defendants working for the courts—such as court clerks—may also be protected by absolute quasi-judicial immunity. *Castillo*, 297 F.3d at 948 ("[I]ndividuals, when performing functions that are judicial in nature, or who have a sufficiently close nexus to the adjudicative process, are entitled to a grant of absolute quasi-judicial immunity[.]").

Second, a substantial portion of this suit, if not the entire suit, may be barred by the *Rooker-Feldman* doctrine.[1] The *Rooker-Feldman* doctrine "prevents lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). Here, much of Moore's suit is predicated on a challenge to the non-enforcement of judgments upon jury verdicts and other judicial orders in state court proceedings. Accordingly, the Court is unlikely to be able to assert jurisdiction over a substantial portion of Moore's claims.

Third, regardless of judicial immunity, the Eleventh Amendment likely bars a damages award against the judges and other state court employees in their official capacities. It is well settled that "a suit against a state official in his official capacity is no different from a suit against the State itself." *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) (*citing Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, the Eleventh Amendment bars section 1983 actions against state officials, just as it does for suits against states, because neither are "persons" covered by section 1983. *Id.*

---

[1] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

The judicial defendants here are judges of the Superior Courts of the State of California. Those courts are state courts, and thus the judges and other Superior Court employees are state employees. *See Saunders v. Law Offices of Elaine Van Beveren*, 520 Fed. App'x 548, 549 (9th Cir. 2013); *Greater L.A. Council on Deafness, Inc. v. Zolin,* 812 F.2d 1103, 1110 (9th Cir.1987) ("The official name of the court is the Superior Court of the State of California; its geographical location within any particular county cannot change the fact that the court derives its power from the State and is ultimately regulated by the State. Judges are appointed by California's governor, and their salaries are established and paid by the State."). Therefore, suits against the judges and judicial employees are suits against the State, likely barred by the Eleventh Amendment.

These are but a tip of the iceberg. And even putting aside the underlying procedural issues, Moore makes no attempt in his moving papers to demonstrate that he is **likely** to prove the elements of Section 1983 **against any defendant**, namely that "(1) the action complained of occurred 'under color of law,' and (2) the action resulted in a deprivation of a constitutional right or a federal statutory right." *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 941 (9th Cir. 2009) (quoting *Azer v. Connell*, 306 F.3d 930, 935 (9th Cir. 2002)). Indeed, for the private defendant Kimberly Martin-Bragg, Moore is unlikely to show the requisite state action.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** Moore's Ex Parte Application for a Temporary Restraining Order and Preliminary Injunction. [ECF No. 17.] This order is without prejudice to Moore filing a properly noticed and supported motion for a preliminary injunction that complies with this Court's standing orders, his duties under Federal Rule of Civil Procedure 11, and the Local Civil Rules.

**IT IS SO ORDERED.**

December 21, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**