UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN RENE MOORE,<br><br>Plaintiff<br><br>v.<br><br>MICHELLE ROSENBLATT, et al.,<br><br>Defendants. | Case No. 2:15-cv-8021-ODW (GJS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint and all pleadings, motions, and other documents filed in this action, the Report and Recommendation of United States Magistrate Judge ("Report"), and Plaintiff's Objections to the Report. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those portions of the Report to which objections have been stated.

In response to the Report, Plaintiff filed his first status report on March 9, 2017, 86 days after the Magistrate Judge ordered Plaintiff to "file and serve a status report every 30 days, keeping the Court apprised of his efforts to seek relief from the automatic stay due to Bragg's pending bankruptcy case." [Dkt. 57 ("December 13, 2016 Order").] While Plaintiff states in his Objections that he did not receive the Court's subsequent Order to Show Cause issued on January 18, 2017, he proffers no

reason for his failure to comply with the Court's December 13, 2016 Order, thereby implicitly conceding that he chose to disregard it.

Compounding Plaintiff's disregard of a Court order, his belated status report misleads the Court regarding the status of the automatic stay in this case. Plaintiff represents that he sought relief from the automatic stay in this case on November 2016, and the bankruptcy court denied the request. [*See* Dkt. 66 ("Status Report") at 2:1-7, Ex. A.] However, the Court has taken judicial notice of the docket for Defendant Bragg's pending bankruptcy action pursuant to Federal Rules of Evidence 201. That docket shows that Plaintiff's relief from stay motion related only to Los Angeles Superior Court Case Numbers BC 459449 and BC 480013. [*See Kimberly Barbour v. Brad D. Krasnoff, et al.*, Case No. 2:16-bk-22878 (Bankr. C.D. Cal. Sept. 28, 2016), Dkts. 14, 31.] There is no indication on the bankruptcy court docket that Plaintiff has sought relief from the automatic stay in connection with this case. Plaintiff's status report thus, raises concerns under Rule 11(b) of the Federal Rules of Civil Procedure.

Plaintiff has repeatedly failed to advise the Court of salient facts regarding the pending bankruptcy case in violation of the Court's orders. In addition, while Plaintiff was granted leave to amend his claims against Defendant Bragg for a second time [Dkt. 55], it is unlikely that Plaintiff can plead additional facts—consistent with Rule 11(b) of the Federal Rules of Civil Procedure—to state a cognizable civil rights claim under 42 U.S.C. §§ 1983, 1985(3) against Bragg. Under these circumstances, dismissal is appropriate.

Accordingly, the Court accepts the findings and recommendations set forth in the Report. Accordingly, **IT IS ORDERED** that:

(1) This action is dismissed under Federal Rule of Civil Procedure 41(b);

///

///

(2) Judgment shall be entered dismissing this action without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATE: April 13, 2017

_____
OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE